# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **ANGELINA LOZANO,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **CIVIL NO. 1-22-CV-497-DII** |
| | § | |
| **WALGREEN CO.,** | § | |
| *Defendant* | § | |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

### TO:  THE HONORABLE UNITED STATES DISTRICT JUDGE

Before the Court are Defendant Walgreen Co.'s ("Walgreens") Motion for Summary Judgment, filed December 30, 2022 (Dkt. 10); Plaintiff's Response to Defendant's Motion for Summary Judgment, filed January 25, 2023 (Dkt. 13); Walgreens' Motion to Strike and Reply in Support of Its Motion for Summary Judgment, filed January 27, 2023 (Dkt. 14); Plaintiff's Response to Walgreens' Motion to Strike and Reply in Support of Its Motion for Summary Judgment, filed February 3, 2023 (Dkt. 17); and Walgreens' Surreply in Support of Its Motion for Summary Judgment, filed February 16, 2023 (Dkt. 20), filed by leave of Court (Dkt. 19).[1]

## I.   Background

Plaintiff Angelina Lozano alleges that she was injured after slipping on "a substance on the floor" while shopping at a Walgreens store in Austin, Texas ("Store") on May 20, 2022. Dkt. 1-2 ¶ 7. Lozano alleges that as she "made her way to the check out counter at Walgreens . . . she encountered hand sanitizer on the floor near the cash register," which caused her to slip and fall,

---

[1] The District Court referred the Motion for Summary Judgment to this Magistrate Judge for Report and Recommendation and the Motion to Strike for resolution, pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules"). Dkts. 15-16.

suffering serious bodily injuries. Dkt. 13 at 1. Lozano sued Walgreens in state court, asserting negligence under Texas law and *respondeat superior*. Lozano alleges that Walgreens was negligent in failing "to protect and safeguard Plaintiff from unreasonably dangerous conditions on the premises or to warn Plaintiff of their existence and/or to not injure the Plaintiff through Defendant's 'active negligence.'" *Lozano v. Walgreen Co.*, D-1-GN-22-000815 (126th Dist. Ct., Travis County, Tex. Feb. 16, 2022), Dkt. 1-2 ¶ 7. She seeks at least $1 million in damages for medical care and expenses, physical pain and suffering, mental anguish, past loss of earnings, and loss of earning capacity.

Walgreens removed the case to federal court based on diversity jurisdiction under 28 U.S.C. § 1332(a) and now moves for summary judgment on all of Lozano's claims under Rule 56(a). Walgreens also moves to strike as untimely Lozano's Response to its Motion for Summary Judgment.

## II.   Walgreens' Motion to Strike

Local Rule CV-7(D)(2) provides that the deadline to file a response to a dispositive motion is "not later than 14 days after the filing of the motion," and: "If there is no response filed within the time period prescribed by this rule, the court may grant the motion as unopposed." Walgreens moved for Summary Judgment on December 30, 2022. Dkt. 10. Lozano's Response was due by January 13, 2023, but she did not respond until January 25, 2023. Dkt. 13. Lozano did not seek leave to file a late response.

A district court "has discretion to refuse to accept a party's dilatory response to a motion for summary judgment, even if the court acknowledges reading the response, and has discretion to deny extending the deadline when no excusable neglect is shown." *Kitchen v. BASF*, 952 F.3d 247, 254 (5th Cir. 2020). The Court nonetheless considers Lozano's Response and addresses the merits of her claims and Walgreens' Motion for Summary Judgment because dismissing a case

other than on its merits is disfavored. *Chavez v. Freedom Mortg. Corp.*, No. 1:20-CV-522-LY, 2021 WL 327703, at *2 (W.D. Tex. Feb. 1, 2021), *R. & R. adopted*, 2021 WL 8053490 (W.D. Tex. Feb. 26, 2021). Walgreens' Motion to Strike (Dkt. 14) is **DENIED**.

### III.   Summary Judgment Standard

Summary judgment under Rule 56(a) is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine dispute of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986). A court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

The moving party bears the initial burden of "informing the Court of the basis of its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. When the nonmovant bears the burden of proof at trial, "the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Nola Spice Designs, L.L.C. v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015).

If the moving party meets the initial burden, the nonmoving party must "go beyond the pleadings" and designate "specific facts" in the record "showing that there is a genuine issue for

trial." *Celotex*, 477 U.S. at 324. "Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002). Rather:

> The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.

*Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citations omitted). If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

## IV.   Analysis

Walgreens argues that it is entitled to summary judgment because Lozano has not alleged sufficient facts to support an ordinary negligence/negligent activity claim under Texas law. In the alternative, Walgreens contends that any potential premises liability claim fails because Lozano has not shown that Walgreens had actual or constructive knowledge of the foreign substance on the ground before she fell.

### A.  Plaintiff Does Not Allege a Negligent Activity Claim

Under Texas law, an owner or operator of property "may be liable for two types of negligence in failing to keep the premises safe: that arising from an activity on the premises, and that arising from a premises defect." *Clayton W. Williams, Jr., Inc. v. Olivo*, 952 S.W.2d 523, 527 (Tex. 1997). The Texas Supreme Court has "recognized that negligent activity encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused

4

the injury, while premises liability encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe." *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010). In other words, the particular circumstances dictate whether a person injured on another's property has a negligent activity or premises liability claim against the property owner. *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 471 (Tex. 2017); *Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 644 (Tex. 2016).

Negligent activity and premises liability claims "are separate and distinct theories of recovery, requiring plaintiffs to prove different, albeit similar, elements to secure judgment in their favor." *United Scaffolding*, 537 S.W.3d at 471. Because negligence and premises liability claims are based on independent theories of recovery, the Texas Supreme Court has held that "they are not interchangeable." *Id.* Therefore, under Texas law, a plaintiff may not pursue both a negligent activity and a premises defect theory of recovery against a property owner based on the same injury. *Austin v. Kroger Texas L.P.*, 746 F.3d 191, 197 (5th Cir. 2014), *certified question answered*, 465 S.W.3d 193 (Tex. 2015).

Walgreens construes Lozano's Complaint to assert only a negligent activity claim and argues that it is entitled to summary judgment "because there was no contemporaneous negligent act that would transform this premises-based accident into a negligence case." Dkt. 10 at 2. But Lozano clarifies in her Response that "her negligence claim sounds in premises liability," not negligent activity. Dkt. 17 at 2. Lozano also asserts a premises liability-based negligence claim, not a negligent activity claim, in her Complaint. She alleges that Walgreens was negligent:

    A.  In creating and/or allowing an unreasonably dangerous condition to exist in the premises;

    B.  In failing to warn the Plaintiff of the unreasonably dangerous condition;

      C. In failing to place warning signs around the area so that any person walking in that area of the premises would be made immediately aware of the unreasonably dangerous condition;

      D. In failing to correct the unreasonably dangerous condition which was created or maintained by the Defendant;

      E. In failing to adequately or properly inspect the premises to determine where unreasonably dangerous conditions existed;

      F. In failing to properly maintain the premises in order to prevent injuries to Plaintiff made the basis of this suit;

      G. In allowing the condition to remain in an area that the Defendant would anticipate be encountered by its invitees without taking any action to prevent injury.

Dkt. 1-2 ¶ 9. Thus, Lozano alleges that Walgreens owed her a duty to make the premises safe or to warn of dangerous conditions, which clearly is a premises liability claim. *See Occidental*, 478 S.W.3d at 644 ("Under premises-liability principles, a property owner generally owes those invited onto the property a duty to make the premises safe or to warn of dangerous conditions as reasonably prudent under the circumstances."). Lozano does not allege that she was injured as a contemporaneous result of someone's negligence. *See Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992) (holding that recovery on a negligent activity theory requires the plaintiff to be harmed by or as a contemporaneous result of the activity itself).

    Despite Lozano's clarification that she is pursuing a premises liability claim, Walgreens argues that it is "entitled to summary judgment on Plaintiff's claim of ordinary negligence." Dkt. 20 at 2. Because Lozano does not pursue a negligent activity claim, Walgreens is not entitled to summary judgment on such a claim.

**B.  Premises Liability Claim**

Lozano bears the burden of proof at trial on her premises liability claim. *Shirey v. Wal-Mart Stores Texas, L.L.C.*, 699 F. App'x 427, 428 (5th Cir. 2017) (per curiam). To prevail on her claim, she must establish four elements:

> (1)  Walgreens had actual or constructive knowledge of the condition causing the injury;
>
> (2)  the condition posed an unreasonable risk of harm;
>
> (3)  Walgreens failed to take reasonable care to reduce or eliminate the risk; and
>
> (4)  Walgreens' failure to use reasonable care to reduce or eliminate the risk was the proximate cause of her injuries.

*Henkel v. Norman*, 441 S.W.3d 249, 251 (Tex. 2014). Walgreens argues that Lozano has failed to establish the first element. A plaintiff may satisfy the notice element by establishing that "(1) the defendant placed the substance on the floor, (2) the defendant actually knew that the substance was on the floor, or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it." *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002). To prove any of these three propositions, a plaintiff may rely on either direct or circumstantial evidence. *Garcia v. Wal-Mart Stores Texas, L.L.C.*, 893 F.3d 278, 279 (5th Cir. 2018).

**1.  No Evidence that Walgreens Placed the Hand Sanitizer on the Floor**

Walgreens argues that "it is clear based on the surveillance video that a Walgreens employee did not place the hand sanitizer on the floor. Instead, the hand sanitizer was dropped by a child." Dkt. 10 at 5. *Id.* at 4.

In support, Walgreens attaches screenshots from the Store's surveillance video on the day of the accident. Dkt. 10-2. The first screenshot, timestamped at 12:30 p.m., shows a child-invitee standing near a cash register at the front of the Store applying hand sanitizer to his hands. *Id.* at

7

1. There was no Walgreens employee at the cash register at that time. The second screenshot, timestamped at 12:39, shows Lozano being checked out by Walgreens employee Heather Statham at the same cash register. *Id.* at 2. The next screenshot, timestamped at 12:39, shows Lozano walking away from the cash register. *Id.* at 3. The final screenshot, timestamped at 12:40, shows Lozano on the ground near the cash register, presumably after she fell in a puddle of hand sanitizer. *Id.* at 4. Walgreens argues that this evidence shows the child-invitee spilled the hand sanitizer, not a Walgreens employee. In response, Lozano argues that there is a genuine issue of material fact as to "how the hand sanitizer ended up on the floor. Without having conducted discovery, it is not possible to conclude how the hand sanitizer ended up the floor or who contributed to putting it there." Dkt. 13 at 4.

While the Court agrees that the screenshots do not conclusively prove that the child-invitee and not a Walgreens employee spilled the hand sanitizer on the floor, this evidence shifts the burden to Lozano to "identify specific evidence in the record and to articulate the precise manner in which that evidence supports . . . her claim" that a Walgreens employee placed or spilled the hand sanitizer on the floor. *Ragas*, 136 F.3d at 458; *see also Nola Spice Designs*, 783 F.3d at 536 (stating that where the nonmovant bears the burden of proof at trial, the movant may merely point to the absence of evidence to shift the burden to the non-movant).

The only evidence Lozano points to is her own declaration that "Defendant had an employee working near the hand sanitizer on the floor on Defendant's premises. That same employee was working the register where the hand sanitizer was located at the time Plaintiff fell and cleaned the hand sanitizer off the floor after Plaintiff fell." Dkt. 13 at 3-4 (citing Dkts. 13-1, 13-2). That the hand sanitizer was near a Walgreens employee does not support a plausible inference that a Walgreens employee spilled the hand sanitizer on the floor. "An inference is not reasonable if

premised on mere suspicion—some suspicion linked to other suspicion produces only more suspicion, which is not the same as some evidence." *McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 359 (5th Cir. 2017). At best, this evidence raises a mere suspicion that it was *possible* for a Walgreens employee to have spilled the hand sanitizer on the floor before Lozano fell. "Mere suspicion is insufficient to carry the [a plaintiff's] burden of establishing a genuine issue for trial." *Id.*

The Court finds that Lozano has failed to sustain her burden to show that Walgreens placed or spilled the hand sanitizer on the ground. *See id.* (concluding that manager's statement that it was "possible" that employees spilled liquid in the area where plaintiff fell raised "a mere suspicion that restaurant employees might have tracked or spilled a foreign substance where the fall occurred," which could not carry plaintiff's burden of establishing a genuine issue for trial).

### 2. Actual Knowledge

Next, Walgreens argues that Lozano fails to allege facts sufficient to show that a Walgreens employee had actual knowledge of the hand sanitizer on the floor, and that the record supports its argument that no Walgreens employee had knowledge. Walgreens relies on the screenshot from the surveillance video showing that no Walgreens employee was present when the child-invitee used the hand sanitizer shortly before Lozano fell. Dkt. 10-2 at 1. In addition, Walgreens relies on statements from two of its employees that they did not notice a foreign substance on the floor before Lozano fell. Walgreens submits a declaration from Heather Statham, who was working at the checkout counter when Lozano fell:

> I was at the register checking Ms. Lozano out at the time she fell. However, I did not see her fall. I did see Ms. Lozano on the ground shortly after she fell. Before Ms. Lozano fell and while I was at the cash register, I did not notice any substance, including hand sanitizer, on the ground in the area in which Ms. Lozano fell.

> Further, no customers or Walgreen's employees complained to me
> about any substance, including hand sanitizer, on the ground in that
> area. As a result, Walgreen Co. did not have actual notice that any
> substance, including hand sanitizer, was on the ground in the area
> where Ms. Lozano allegedly fell.

Statham Decl. (Dkt. 10-3) ¶¶ 2-3. Similarly, Walgreens employee Heidi Sharp, who also was

working at the Store at the time of the accident, states:

> Before Ms. Lozano fell, I did not notice any substance, including
> hand sanitizer, on the ground in the area in which Ms. Lozano fell.
> Further, no customers or Walgreen's employees complained to me
> about any substance, including hand sanitizer, on the ground in that
> area. As a result, Walgreen Co. did not have actual notice that any
> substance, including hand sanitizer, was on the ground in the area
> where Ms. Lozano allegedly fell.
>
> I have reviewed the store surveillance video attached hereto as
> Exhibit A-1 and it is [a] true and accurate depiction of the events
> that occurred in the store on May 26, 2020. Specifically, I am
> familiar with the Walgreens' surveillance video system and have
> previously reviewed surveillance videos recorded on the system.
> On the date in question, May 26, 2020, the surveillance video
> system was working properly and accurately recorded the events
> depicted thereon. Additionally, I saw Plaintiff fall and Exhibit A-1
> accurately depicts the events that I witnessed. The copy attached
> hereto as Exhibit A-1 is a true and correct copy of the surveillance
> video from May 26, 2020.

Sharp Decl. (Dkt. 10-1) ¶¶ 2-3.

Lozano does not dispute this evidence. Nonetheless, she argues that a material fact issue

exists as to whether Walgreens knew about the hand sanitizer on the floor because Statham was

"working near the hand sanitizer on the floor . . . at the time Plaintiff fell and cleaned the hand

sanitizer off the floor after Plaintiff fell." Dkt. 13 at 3-4. Again, Lozano relies on speculation.

That a Walgreens employee was working close to the hand sanitizer on the floor does not show

that the employee knew the substance was on the floor. At best, this evidence raises a mere

suspicion that it was possible for a Walgreens employee to have seen the hand sanitizer on the

floor before Lozano fell. Mere suspicion cannot carry Lozano's burden to establish a genuine

10

issue for trial. *See McCarty*, 864 F.3d at 359 (affirming summary judgment on knowledge element where there was no evidence any employee knew about foreign substance and restaurant submitted employee's declaration he did not see foreign substance on the floor).

### 3.  Constructive Knowledge

Because Lozano failed to show that Walgreens had actual knowledge of the hand sanitizer on the floor, to avoid summary judgment, she must prove that Walgreens had "constructive knowledge" of it. That is, Lozano must show that "it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it." *Reece*, 81 S.W.3d at 814.

Under the Texas "time-notice rule," a slip-and-fall plaintiff must offer "proof that a dangerous condition existed for some length of time before a premises owner may be charged with constructive notice." *Id.* at 815.

> Without some temporal evidence, there is no basis upon which the factfinder can reasonably assess the opportunity the premises owner had to discover the dangerous condition. What constitutes a reasonable time for a premises owner to discover a dangerous condition will, of course, vary depending upon the facts and circumstances presented. And proximity evidence will often be relevant to the analysis. Thus, if the dangerous condition is conspicuous as, for example, a large puddle of dark liquid on a light floor would likely be, then an employee's proximity to the condition might shorten the time in which a jury could find that the premises owner should reasonably have discovered it. Similarly, if an employee was in close proximity to a less conspicuous hazard for a continuous and significant period of time, that too could affect the jury's consideration of whether the premises owner should have become aware of the dangerous condition.

*Id.* at 816. Thus, to determine whether a premises owner had constructive knowledge, a court may consider "the combination of (1) the length of the time the hazard existed, (2) the proximity of employees to the hazard, and (3) the conspicuousness of the hazard." *Seigler v. Wal-Mart*

*Stores Texas, L.L.C.*, 30 F.4th 472, 479 (5th Cir. 2022) (citing *Wal–Mart Stores, Inc. v. Spates*,

186 S.W.3d 566, 567 (Tex. 2006)). But in all cases,

> there must be some proof of how long the hazard was there before
> liability can be imposed on the premises owner for failing to
> discover and rectify, or warn of, the dangerous condition.
> Otherwise, owners would face strict liability for any dangerous
> condition on their premises, an approach we have clearly rejected.

*Reece*, 81 S.W.3d 312.[2]

Walgreens contends that "based on the surveillance video, the hand sanitizer was on the

ground for approximately nine minutes before Lozano fell—which according to case law is

insufficient as a matter of law to establish constructive notice." Dkt. 10 at 5. Walgreens is correct

that courts have found similar time periods insufficient as a matter of law to establish

constructive knowledge. *See Robbins v. Sam's E., Inc.*, No. 21-20050, 2021 WL 3713543, at *2

(5th Cir. Aug. 20, 2021) (per curiam) fruit on floor for ten minutes was legally insufficient to

show constructive knowledge); *Shirey*, 699 F. App'x at 429 (grape on floor for seventeen

minutes insufficient to show constructive knowledge); *Brookshire Food Stores, L.L.C. v. Allen*,

93 S.W.3d 897, 901 (Tex. App.—Texarkana 2002, no pet.) (grapes on floor for less than fifteen

minutes insufficient to show constructive knowledge).

In response, Lozano argues that she has presented "some" evidence to create a genuine issue

of material fact "as to whether it could be reasonably inferred that Defendant had knowledge of

the dangerous condition when Defendant had employees working at the register where the

dangerous condition existed and where Plaintiff ultimately fell." Dkt. 17 at 3. Lozano asserts that

Statham's proximity to the spill is sufficient to show that Walgreens had a reasonable

---

[2] Before *Reece*, 81 S.W.3d at 815, some Texas courts had held that evidence of an employee's proximity to a dangerous condition was sufficient by itself to establish constructive notice.

opportunity to discover it. *Id.* Lozano argues that she need not offer proof of the "amount of time the hand sanitizer was on the floor" at the summary judgment stage. *Id.*

The Texas Supreme Court's decision in *Reece*, 81 S.W.3d at 813-817, precludes Lozano's argument. The court "unanimously held that the mere proximity of an employee to a spill, without evidence of when or how it came to be on the floor, was legally insufficient to charge a premises owner with constructive notice of the hazard." *Spates*, 186 S.W.3d at 567 (citing *Reece*, 81 S.W.3d at 816-17).

The plaintiff in *Reece* sued Wal-Mart after she slipped and fell in a puddle of clear liquid near the store's snack bar. The plaintiff argued that she had satisfied her burden to show that Wal-Mart had constructive notice of the spill by showing that a Wal-Mart employee walked past the spill right before she fell. *Id.* at 814. The plaintiff argued that she did not need to present any evidence to show how long the spill existed before she fell to show constructive notice. Plaintiff also did not introduce any evidence that the spill was conspicuous—it was not large and consisted of clear liquid on a light tile floor. *Id.* at 816. Plaintiff claimed that the employee's proximity to the spill was "some" evidence that Wal-Mart had a reasonable opportunity to discover it. *Id.* at 814. The Texas Supreme Court disagreed, holding that the plaintiff presented "no evidence to support the conclusion that Wal-Mart had constructive notice of the dangerous condition." *Id.* at 817. The court explained:

> The so-called "time-notice rule" is based on the premise that temporal evidence *best* indicates whether the owner had a reasonable opportunity to discover and remedy a dangerous condition. An employee's proximity to a hazard, with no evidence indicating how long the hazard was there, merely indicates that it was *possible* for the premises owner to discover the condition, not that the premises owner reasonably *should* have discovered it. Without some temporal evidence, there is no basis upon which the factfinder can reasonably assess the opportunity the premises owner had to discover the dangerous condition.

*Id.* at 816. Therefore, "[i]n all cases . . . 'there must be *some* proof of how long the hazard was there before liability can be imposed on the premises owner for failing to discover and rectify, or warn of, the dangerous condition.'" *McCarty*, 864 F.3d at 359-60 (quoting *Reece*, 81 S.W.3d at 816). "If circumstantial evidence 'supports only the *possibility* that the dangerous condition existed long enough to give [the premises owner] a reasonable opportunity to discover it,' the premises owner cannot be liable based on such evidence." *Id.* (quoting *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998)).

Like the plaintiff in *Reece*, Lozano has not come forward with any evidence to show how long the hand sanitizer was on the floor before she slipped and fell. She presents no evidence that a Walgreens employee saw the spill before she fell and no evidence that the spill was conspicuous. Nor has Lozano introduced any evidence on the condition of the spilled liquid that might show how long it had been there. She presents evidence only that a Walgreens employee was close to the spilled hand sanitizer. But mere proximity of an employee to the site of an accident does not raise a fact issue as to constructive notice of a dangerous condition. *Reece*, 81 S.W.3d at 816; *see also Dixon v. Wal-Mart Stores, Inc.*, 330 F.3d 311, 314 (5th Cir. 2003) (holding that plaintiff's "proximity argument and her reliance on proximity evidence fails the legal standard under Texas law for determining a premises owner's constructive knowledge"); *Spates*, 186 S.W.3d at 568 (holding that plaintiff's testimony a plastic ring on the floor was near a Wal-Mart employee could not show constructive knowledge of the hazardous condition); *Brookshire Food Stores*, 93 S.W.3d at 901 (holding that evidence was legally insufficient to establish constructive knowledge when employee walked through the area about fifteen minutes before the fall and did not notice grapes on the floor and plaintiff presented no evidence that others saw grapes before her fall); *Wal-Mart Stores, Inc. v. Rosa*, 52 S.W.3d 842, 844

14

(Tex. App.—San Antonio 2001, pet. denied) (holding that employees' proximity to area where plaintiff fell did not tend to prove how long the condition had existed for charging constructive notice).

Lozano relies on *Coffee v. F. W. Woolworth Co.*, 536 S.W.2d 539, 541 (Tex. 1976), in which the court found sufficient temporal evidence amounting to constructive knowledge where a plaintiff tripped on a large empty platform that blended in with the floor. The *Coffee* court reasoned that there was temporal evidence because the platform could not have been emptied instantly by a single customer, but by several customers over a long time. *Id.* at 536. The court distinguished the facts from other cases involving spilled liquids:

> Courts have been reluctant to impose liability on a storekeeper without a showing that a foreign substance was on the floor for some length of time because it is unjust to [h]old the proprietor liable for the carelessness of some person over whom he has no control, unless he had a reasonable opportunity to discover the dangerous condition.

*Id.* at 541. The Court concludes that *Coffee* is distinguishable from the facts here, besides being decided twenty-six years before *Reece*, which is directly on point.

The Court finds that Lozano has not alleged sufficient facts to support the first element of her premises liability claim: that Walgreens had actual or constructive knowledge of the condition that allegedly caused her injury. *See Threlkeld v. Total Petroleum, Inc.*, 211 F.3d 887, 893 (5th Cir. 2000) ("The harsh reality . . . is that if a plaintiff cannot prove facts to establish that it is more likely than not that the dangerous condition existed long enough that a proprietor should have known of its presence, there is simply no basis for recovery."). Because Lozano fails to allege sufficient facts to support the first element of her premises liability claim, her claim fails as a matter of law. The Court recommends that the District Court grant summary judgment to Walgreens.

### C. Summary Judgment Is Not Premature

In her Response, filed February 3, 2023, Lozano contends that she has not had an opportunity to conduct "meaningful discovery," implying that Walgreens' Motion for Summary Judgment is premature. Dkt. 17 at 3. Lozano filed this suit more than a year ago, and that the District Court ordered the parties to complete discovery by July 21, 2023. Scheduling Order, Dkt. 12 ¶ 6.

Rule 56(d) provides a remedy to a nonmovant which "cannot present facts essential to justify its opposition" to a motion for summary judgment. The party filing the Rule 56(d) motion "must demonstrate how additional discovery will create a genuine issue of material fact." *Jacked Up, L.L.C. v. Sara Lee Corp.*, 854 F.3d 797, 816 (5th Cir. 2017). The nonmovant must "set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Id.* (citation omitted). Lozano has neither filed a Rule 56(d) motion nor met these requirements. The Court concludes that Walgreens' Motion for Summary Judgment is not premature.

### V.   Order and Recommendation

For these reasons, this Magistrate Judge **DENIES** Defendant Walgreen Co.'s Motion to Strike (Dkt. 14) and **RECOMMENDS** that the District Court **GRANT** Defendant Walgreen Co.'s Motion for Summary Judgment (Dkt. 10).

**IT IS FURTHER ORDERED** that the Clerk **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable District Court.

### VI.   Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See*

16

*Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on May 22, 2023.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE